SUPERIOR WATER, LIGHT & POWER COMPANY, Respondent, vs. PUBLIC SERVICE COMMISSION, Appellant.

*October 12—November 7, 1939.*

For the appellant there was a brief by the *Attorney General,* and *Harold H. Persons* and *H. T. Ferguson,* assistant attorneys general, and oral argument by *Mr. Ferguson* and *Mr. Persons.*

For the respondent there was a brief by *Sanborn, Blake & Aberg* and *Glen H. Bell,* all of Madison, and oral argument by *Mr. Bell* and *Mr. C. E. Blake.*

WICKHEM, J.   The allegations of the complaint are substantially as follows: Prior to August 13, 1937, a proceeding was pending before the commission instituted under provisions of ch. 197, Stats., to determine just compensation, terms, and conditions for the acquisition of plaintiff's property by the city of Superior.   On that date the commission

made an order fixing such compensation, terms, and conditions. On October 11, 1937, an action was brought in the circuit court for Dane county by one John Green, a resident taxpayer of the city of Superior, against the commission, the city, and the plaintiff to review the order of August 13, 1937. A demurrer to the complaint by plaintiff was sustained. The city and the commission answered, and the action to review was pending upon the issues made by the complaint and answers when the commission gave notice of a motion to reopen for further evidence the proceeding in which the order of August 13th had been made. A hearing was held upon this motion, at which plaintiff appeared specially and objected to the jurisdiction of the commission to reopen the matter. On January 28, 1938, the commission entered an order reopening the case, "for the taking of further evidence relative to the just compensation or terms or conditions on the acquisition by the city of Superior of the property of the Superior Water, Light & Power Company." A motion was made by plaintiff for a rehearing upon the matters determined by the order of January 28th. The grounds of the motion were, (1) that the commission had no jurisdiction to enter its order of January 28th during the pendency of the action by Green; (2) that no evidence was presented at the hearing preceding the order of January 28th showing any necessity for reopening the case; (3) that the commission abused its discretion in entering the order of January 28th; and (4) that sec. 196.39, Stats., is not applicable to the proceeding in which such order is made, and that if it is, it was not operative pending the action to review commenced by Green as aforesaid. On February 16, 1938, application for rehearing was denied.

The questions raised by plaintiff's contentions may be stated thus: (1) Whether the commission had any power to make an order reopening a proceeding in which it theretofore had issued an order fixing just compensation, terms,

and conditions for the acquisition of utility property under the provisions of ch. 197, Stats.; (2) assuming that the commission did have such power, (a) whether it terminated at the expiration of ninety days from the date of the order, or (b) whether it was suspended during the pendency of the action to review its original order, or (c) whether, under all the facts, its exercise constituted an abuse of discretion.

Upon the first question plaintiff contends that sec. 196.39, Stats., under which the proceedings were reopened, has no application to such proceedings and does not give the commission the authority it assumed to exercise. Sec. 196.39, Stats., reads as follows:

"The commission may at any time, on its own motion or upon motion of an interested party, and upon notice to the public utility and after opportunity to be heard, rescind, alter or amend any order fixing rates, tolls, charges, or schedules, or any other order made by the commission, and may reopen any case following the issuance of an order therein, for the taking of further evidence or for any other reason. Any order rescinding, altering, amending or reopening a prior order shall have the same effect as an original order."

Plaintiff's contentions are based upon the history of the statute and upon certain cases that are asserted to hold that the procedure in ch. 197, Stats., relating to acquisition of utilities is completely self-contained and distinct from any of the provisions of ch. 196, Stats., except those expressly incorporated by reference. The public utility law was enacted by ch. 499, Laws of 1907. As originally enacted this law included not only provisions now contained in ch. 196, Stats., but those relating to acquisition by municipalities now contained in ch. 197, Stats. These two subjects were segregated into separate chapters by sec. 3, ch. 291, Laws of 1923. Sec. 196.39, Stats., was a part of the original utility law and by ch. 291, Laws of 1923, was placed in ch. 196, Stats. As originally enacted, it did not contain the provision "and may reopen any case following the issuance of an order therein,

for the taking of further evidence or for any other reason. Any order rescinding, altering, amending or reopening a prior order shall have the same effect as an original order." This portion was added by sec. 2, ch. 183, Laws of 1931, after the separation of the subject matter into two chapters.

Plaintiff contends, especially in view of the fact that the power to reopen cases for further evidence following issuance of an order was added after sec. 196.39, Stats., was separated from the chapter dealing with municipal acquisition and incorporated into ch. 196, Stats., that the history of the section indicates that its only application is to cases having to do with the regulation of utilities, provided for by ch. 196, Stats. Plaintiff cites several cases as supporting its position. In *Janes v. Racine,* 155 Wis. 1, 14, 143 N. W. 707, the question was whether a city attempting an acquisition under secs. 1797m—79 and 1797m—86 (presently grouped in ch. 197, Stats.) was required to comply with the requirements of ch. 665, Laws of 1907 (now contained in sec. 66.06 (8) and (9), Stats.), which provided for the acquisition of utilities through negotiated purchases. It was held that the city was not required so to comply, and in this connection the court said:

"Ch. 665 furnishes in itself a complete procedure for acquiring a public utility in cases where it is applicable, and so does the general Public Utility Act. Neither refers to the other. Each uses expressions equivalent to 'as herein provided,' and does not seem to contemplate the aid of supplementary statutes in completing the proceeding. The language of sec. 1797m—81 to the effect that if the city shall have determined to acquire an existing plant 'in the manner provided in the preceding section,' clearly indicates that no other procedure than that contained in the section referred to was in the legislative mind."

In *Wisconsin P. & L. Co. v. Public Service Comm.* 222 Wis. 25, 33, 267 N. W. 386, where the question was whether a resolution to acquire a public utility under sec. 66.06, Stats.,

would support an acquisition under ch. 197, Stats., the court gave a negative answer and said:

"The methods prescribed by the two sections [66.06 and ch. 197] are separate, distinct, and mutually exclusive."

In *Henderson v. Hoesley,* 225 Wis. 596, 275 N. W. 443, the city of Shullsburg commenced proceedings under ch. 197, Stats., to acquire an electric utility. After the Public Service Commission had fixed just compensation by order, petitions were filed with the city clerk pursuant to sec. 10.43, Stats., requesting the council to adopt the resolution to submit the question whether the city should proceed further with the acquisition proceeding to a vote of the electors. Sec. 10.43, Stats., is the section providing for initiation of legislation by petition filed with the city clerk. Its terms are general and provide for initiation of any proposed ordinance or resolution annexed to the petition. This court held that the provisions of sec. 10.43, Stats., do not apply to proceedings under ch. 197, Stats., and that such proceedings could only be discontinued in the manner provided in ch. 197, Stats. The court said (pp. 602, 603) :

"A careful reconsideration of the provisions of ch. 197, Stats., impels the conclusion that the legislature intended the provisions thereof to constitute the complete procedure for acquiring a public utility by a city. . . . We therefore conclude that ch. 197, Stats., was intended to provide the complete procedure for the acquisition by a city of an existing public utility operating under an indeterminate permit."

The case of *Halsey, Stuart & Co. v. Public Service Comm.* 212 Wis. 184, 248 N. W. 458, had to do with the suspension of the license of a security broker. The Securities Law (ch. 189, Stats.) incorporated the review provisions of the public utility law by providing that an aggrieved person might appeal "in the manner and subject to the limitations prescribed by sections 196.41 to 196.43." (Sec. 189.21, Stats. 1931.) The rehearing provisions contained in sec. 196.405,

Stats., were thus not included in the sections made applicable by reference, and this court for this and other reasons held that they were not applicable to an action to review brought under the Securities Law. Sec. 197.06, Stats., is claimed to be analogous because it provides that a proper party "may prosecute an action to alter or amend such order [fixing just compensation, terms, and conditions] or any part thereof, as provided in sections 196.41 to 196.48." The absence of any reference to sec. 196.39, Stats., is claimed to compel the same holding as that in the *Halsey Case, supra,* to wit, that it was not contemplated that there should be any reopening or proceeding involving the fixing of just compensation.

We find it impossible, in the light of the legislative history of the statute and what has heretofore been said by the cases already discussed, to avoid the conclusion that the commission has not the power to reopen for further evidence an order fixing just compensation, terms, and conditions in a proceeding by a municipality under ch. 197, Stats., to acquire the property of a utility. In the first place, sec. 197.06, Stats., expressly sets forth the procedural provisions of ch. 196, Stats., that are to apply in cases under ch. 197, Stats. The sections of ch. 196, Stats., that are stated to apply do not include sec. 196.39, Stats. This makes applicable by analogy the doctrine of the *Halsey Case, supra,* although it is true that that case involved sec. 196.405, Stats., the rehearing provision of ch. 196, Stats., and for reasons hereafter to be discussed, different considerations apply to that section. Further than this, the power to reopen orders for the taking of further evidence is the result of an amendment to sec. 196.39, Stats., enacted long after the provisions dealing with acquisition had been taken from ch. 196, Stats., and put into ch. 197, Stats. Sec. 196.39, Stats., follows immediately upon provisions of ch. 196, Stats., having to do with establishment of just rates and the general regulation of utilities, and evidently refers to such proceedings. In view of its position in the

chapter, it is significant that it does not contemplate or provide for any notice whatever to a municipality. If it were intended to apply in acquisition proceedings, we cannot imagine that it would expressly provide for notice to the utility but not to the municipality involved. Further than this, as pointed out in *Wisconsin P. & L. Co. v. Public Service Comm.* 231 Wis. 390, 401, 284 N. W. 586, 286 N. W. 392, it is contemplated in acquisition proceedings that the process of fixing just compensation, terms, and conditions "would be one of comparatively short duration," and thé very short period of ninety days is given the municipality in which to discontinue its acquisition proceedings. Sec. 197.04, Stats. This contemplates a more rapid procedure than is involved in the fixing of rates and conditions of service on the regulation side of utilities, and indicates the unlikelihood of a legislative intent to vest the commission with power to reopen the proceedings at any time, and the greater unlikelihood of a legislative intent to vest such a power after the ninety-day period within which the municipality could discontinue had elapsed and the rights and duties of the parties to the acquisition proceedings had become fixed.

The considerations with respect to sec. 196.39, Stats., are quite different from those involved in sec. 196.405, Stats. Sec. 196.405, Stats., provides, in substance, that any party may apply to the commission for rehearing within twenty days after any order or determination has been made and filed by the commission. This section is not made a part of the procedure of review by section 197.06, Stats., which provides that the procedure for review shall be governed only by secs. 196.41 to 196.48, Stats. Sec. 196.42, Stats., however, limits the time for judicial review to sixty days after the commission has denied an application for rehearing, or if the rehearing has been granted, to sixty days after the final order following the rehearing. It is thus true that while sec. 196.405, Stats., is not made a part of the procedural provi-

sions by sec. 197.06, Stats., it is to some extent incorporated into the procedure by the provisions of sec. 196.42, Stats. The extent to which this creates a power in the commission to grant a rehearing may differ according to the content and evident purpose of the chapter making reference to ch. 196, Stats. Thus, in the *Halsey Case, supra,* on account of the nature of the order, it was held that there was no right to a rehearing or any necessity for rehearing as a condition to a review in an action involving the suspension of a securities broker. In *Wisconsin P. & L. Co. v. Public Service Comm.* 231 Wis. 390, 284 N. W. 586, 286 N. W. 392, it was held that sec. 196.405, Stats., did apply in acquisition cases to invest the commission with power to entertain a motion for rehearing. The court there considered as applicable and persuasive sub. (5) of sec. 196.405, Stats., which provides:

"It is hereby declared that the legislative powers of the state, in so far as they are involved in the issuance of orders and decisions by the commission, have not been completely exercised until the commission has acted upon an application for rehearing, as provided for by this section and by the rules of the commission, or until such application for rehearing has been denied by implication, as above provided for."

The court treated the exercise of the commission's power in acquisition proceedings as a legislative power, and thus accounted for the applicability of sec. 196.405, Stats. We are persuaded that this was erroneous, and that the power exercised by the commission is a *quasi*-judicial power. To what extent this affects the correctness of the conclusion that sec. 196.405, Stats., applies to acquisition proceedings we need not determine here. Nor is it necessary to determine whether the court in the *Halsey Case, supra,* should have given any weight to the fact that sec. 196.405, Stats., was not referred to as one of the procedural sections applicable to reviews under the Securities Act. At all events, sec. 196.405, Stats., to some extent at least, is incorporated into the review

provisions by sec. 196.42, Stats., and the argument that it results in a power to grant rehearings in acquisition cases has greater force than the claim that sec. 196.39, Stats., which is in no way referred to either in sec. 197.06 or 196.42, Stats., applies. It is our conclusion that sec. 196.39, Stats., does not apply to acquisition proceedings, and that it vested no power in the commission to reopen the case for further evidence. It follows that the order of the circuit court must be affirmed.

*By the Court.*—Order affirmed.